Hazleton Area School District, Valley Educational Fund Association and Hazleton Taxpayers' Association, Plaintiffs, *v.* State Board of Education of The Commonwealth of Pennsylvania; Department of Education of The Commonwealth of Pennsylvania; and John C. Pittenger, Secretary of Education of The Commonwealth of Pennsylvania, Defendants.

548

Argued September 9, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Anthony J. Ciotola,* for plaintiff, School District.

*Philip F. Hudock,* for plaintiff, Fund Association.

*James S. Palermo,* for plaintiff, Taxpayers' Association.

*Norman J. Watkins,* Deputy Attorney General, with him *Lawrence Silver,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendants.

OPINION BY JUDGE MENCER, November 10, 1975:

Hazleton Area School District is a school district of the second class located in the southern portion of Luzerne County and contains within its boundaries portions of Carbon and Schuylkill Counties. It encompasses six boroughs, nine townships, and the City of Hazleton. This school district was reorganized to contain its present

complement of municipalities on July 1, 1966 as part of a statewide reorganization of school districts.

On May 23, 1974, the Board of School Directors of the Hazleton Area School District adopted a resolution to take all necessary steps to reorganize the school district into smaller administrative units. This resolution resulted because the members of the Board believed that such a reorganization would accelerate the progress of education in the school district and better meet the needs of the students.

Pursuant to this resolution, the directors developed various proposed reorganization plans which were submitted to the defendants. On November 21, 1974, the Secretary of Education advised the school district that neither the State Board of Education nor the Department of Education had any statutory authority to effectuate the proposed school district reorganization and therefore there would be no consideration given or action taken on the submitted proposal for reorganization.

On January 28, 1975, Hazleton Area School District and two taxpayers' associations, Valley Educational Fund Association and Hazleton Taxpayers' Association, filed a complaint in equity in this Court, in which the State Board of Education, the Department of Education, and the Secretary of Education for the Commonwealth are the defendants.

The plaintiffs' complaint seeks to have this Court order the defendants to accept and administratively act upon the reorganization proposals submitted by the school district or, if it is determined that the defendants lack the requisite authority to presently reorganize school districts, to have this Court proceed to accomplish the desired reorganization. The defendants have filed preliminary objections and demurred to the allegations in the complaint.

A concise summary of the pertinent school reorganization legislation is set forth in *Hoots v. Commonwealth*

*of Pennsylvania*, 359 F. Supp. 807, 811-12 (W.D. Pa. 1973), as follows:

"During the 1960's the Pennsylvania Legislature on three occasions enacted legislation to reorganize the administrative units (i.e. school districts) in Pennsylvania's public school systems.

"(a) The first Act—the Act of September 12, 1961, P. L. 1283, No. 561, 24 P.S. §2-281 et seq. (Act 561)—directed each county board of school directors to prepare on or before January 1, 1963 a plan of organization of administrative units for the County for review by the State Council of Education. 24 P.S. §§2-282, 2-283.

"(b) Act 561 was superseded by the Act of August 8, 1963, P. L. 564, No. 299, 24 P.S. §2-290 et seq. (Act 299). Act 299 directed each county board of school directors to prepare on or before July 1, 1964 a plan or organization of administrative units for the county and directed the State Council of Basic Education to review organization plans prepared by the county boards and to approve such plans as it deemed wise in the best interest of the educational system of the Commonwealth, provided that these plans met certain requirements specified in Act 299. 24 P.S. §§2-292, 2-293. In preparing reorganization plans pursuant to Act 299, the county boards were not bound by any proposals contained in reorganization plans prepared pursuant to Act 561, 24 P.S. §2-292. In dealing with school districts which had previously entered into a written agreement for the establishment of a joint school or department, however, the county boards were prohibited from proposing any administrative units which in whole or in part comprised less than all of the school districts joined by such agreement. 24 P.S. §2-292.

"(c) Act 299 was superseded by the Act of July 8, 1968, P. L. 299, No. 150, 24 P.S. §2400.1 et seq.

(Act 150). Act 150 directed each county board of education to prepare within 90 days a plan of organization of administrative units limited to those school districts within the county which were not in an administrative unit established as a school district under Act 299. 24 P.S. §2400.2.

"Acts 299 and 150 both provided for the plan of organization of administrative units to conform to standards for approval of administrative units adopted by the State Board and directed the State Board to prepare such standards, taking into account the following factors: topography, pupil population, community characteristics, transportation of pupils, use of existing buildings, existing administrative units, potential population changes and the capability of providing a comprehensive plan of education. 24 P.S. §§2400.1 and 2400.2; 24 P.S. §§2-291 and 2-292. Both Acts also provided that no plan of organization of administrative units should include any proposed school district with a pupil population of less than 4000 unless the factors listed above were considered by the State Board (or Council of Basic Education) as requiring approval of a plan in which any district contained a pupil population of less than 4000. 24 P.S. §2400.3, 24 P.S. §2-293."

Our consideration here centers on the provisions of Act 299 under which the plaintiff school district was reorganized. Section 290 of the Public School Code of 1949, Act of March 10, 1949, P. L. 30, *as amended, added* by Section 3 of the Act of August 8, 1963, P. L. 564 (Act 299), 24 P.S. §2-290, was designated as the purpose section and, because of its direct bearing on plaintiffs' contentions, is set forth in full:

"The purpose of this subdivision is to provide a flexible framework and effective and orderly means whereby the administrative units of the Commonwealth's public school system can be expeditiously

reorganized. While deeply impressed with the continuous dedicated responsibility exercised over the last century by the citizenry through their local boards of school directors, the General Assembly must also be cognizant of the responsibility placed upon it by Article X., section 1 of the Constitution of Pennsylvania which requires in part, that 'The General Assembly shall provide for the maintenance and support of a thorough and efficient system of public schools, wherein all the children of the Commonwealth above the age of six years may be educated. . . .' As the evidence demonstrates beyond reasonable dispute that the present administrative system of more than two thousand (2,000) school districts is incapable of providing adequate education and appropriate training for all of the children of the Commonwealth above the age of six, the General Assembly hereby renews its dedication to its responsibility of providing a thorough and efficient system of public schools within the Commonwealth. It is hereby declared to be the purpose and intention of the General Assembly to establish the procedures and provide for the standards and criteria under which school directors and district administrators and county boards of school directors and county administrators shall have the power and bear the duty of determining the appropriate administrative units to be created in each county to carry out the responsibilities shared by them and the General Assembly of educating and training each child within his capacity to the extent demanded by the immediate requirements of growth and strengthening of this Commonwealth and nation. Only where such local officials fail to act, or act arbitrarily outside of the standards and criteria provided for in the sections following, shall the Commonwealth through its duly authorized agencies and officials act to insure compliance with law within the powers set forth below and as restricted therein. The improvements in the

educational system hereby obtained are not to be construed as a final resolution of organizational problems. Local school officials as agents of the General Assembly are directed to continually review organizational patterns and adopt without delay all changes which will accelerate the progress of public education. It is further declared to be the purpose and intention of the General Assembly that the above may be used in construing and arriving at legislative intent with respect to the provisions of this subdivision."

The plaintiffs assert that the last three sentences of Section 290 provide the ongoing authority to the defendants to accept and act upon its proposed reorganization application. In addition, they contend that Section 1319 of the Act of April 9, 1929, P. L. 177, *as amended, added* by Section 7 of the Act of June 17, 1963, P. L. 143, 71 P.S. §369, further indicates a legislative intent that the defendants have a continuing responsibility to deal with reorganization problems. The pertinent portions of Section 1319 read as follows:

"(a) The State Board of Education shall engage in a constant review and appraisal of education in the Commonwealth. The board's evaluation shall take into account such matters as educational objectives, alternative organizational patterns, alternative programs of study, and the operating efficiency of the educational system. The chairman of the State Board of Education shall refer all studies and investigations to one of its councils as hereinafter provided, and shall receive and place on the board's agenda the findings and recommendations of the councils for appropriate action by the board.

"(b) The Council of Basic Education shall have the power, and its duty shall be to:

"(1) Approve each county plan for the organization of administrative units submitted to the department for approval or prepared by the department.

"(2) Review the annual budget requests for all educational programs other than higher educational programs.

"(3) Investigate programs, conduct research studies and formulate policy proposals in all educational areas not within the purview of higher education including, but not limited to,

(a) The creation, merger, consolidation and reorganization of school districts, the establishment of joint schools, area technical schools and such other administrative organizations as may be provided by law. . . ."

The defendants contend that Act 299 provided very specific criteria to be used in reorganizing school districts and, of significance here, specific time restrictions were imposed to insure prompt compliance with the law. The task was to be completed by July 1, 1966. The Code is conspicuously silent as to any method by which an administrative unit may be reorganized into smaller units. Section 2-201, 24 P.S. §2-201, provides that "[a]ll school districts shall remain as now constituted until changed as authorized by this act."

Our considered study and analysis of the provisions of Act 299 convinces us that the defendants are powerless and without statutory or any other legal authorization to act upon the plaintiffs' proposals for reorganizing the present Hazleton Area School District. We recognize the truism expressed in *Chartiers Valley Joint Schools v. Allegheny County Board of School Directors*, 418 Pa. 520, 544-45, 211 A. 2d 487, 500 (1965), that "[t]he continued ability to alter the organization of the school system throughout the Commonwealth is a prerequisite to the fulfillment of the Legislature's constitutional duty to provide for the maintenance of a thorough and efficient system of public schools," and "[i]t is clear beyond doubt that statutes enacted under the Legislature's duty to provide for education in the Commonwealth and administrative acts fixing school districts pursuant to that

legislation are subject to change and revision thereafter."
(Footnote omitted.)

We agree with the plaintiffs that the administrative
units formed in fulfillment of the provisions of Act 299
were not intended by the Legislature to be a final reso-
lution of organizational problems. The purpose section
of Act 299, 24 P.S. §2-290, so states. However, it does not
follow therefrom that either the defendants or this Court
has the right or power to change or revise the adminis-
trative units now in effect. The answer to the problem is
further legislative action.

It is unlikely that the important issues and questions
raised by the plaintiffs in this case could be better sum-
marized and answered than by quoting again from *Char-
tiers Valley Joint Schools v. Allegheny County Board of
School Directors, supra*:

> "Obviously, the Public School Code of 1949 [or its
> amendments] did not intend to create vested rights
> in the administrative districts formed pursuant to its
> provisions but merely authorized the formation of
> school districts which would exist until changed or
> revised by future legislative direction." 418 Pa. at
> 545, 211 A. 2d at 501.

Like judicial districts or legislative districts, present
school districts can only be changed or revised by legis-
lative direction. Where, as here, such direction to divide
school districts does not exist, future legislative action
is required. Neither the present defendants nor this Court
may, in lieu of legislative action, supply the direction to
reorganize which is understandably sought by the plain-
tiffs here.

Therefore, we make the following

### ORDER

Now, this 10th day of November, 1975, the defend-
ants' preliminary objections are sustained, and the plain-
tiffs' complaint is hereby dismissed.